IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| VALERIE ANN CHANEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: CV506-106 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge L. Ellis Davis ("ALJ Davis" or "the ALJ") denying her claim for Disability Insurance Benefits and Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on March 24, 2004, alleging that she became disabled on January 4, 2004 due to fibromyalgia. (Tr. at 13). After her claims were denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. (Tr. at 12). On April 21, 2006, ALJ Davis held a hearing at which Plaintiff appeared and testified. (Id.). Dennis O'Connor, a vocational expert, also testified at the hearing. (Id.). ALJ Davis found that

Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). (Id.). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 5).

Plaintiff, born on February 25, 1968, was thirty-eight (38) years old when ALJ Davis issued his decision. (Tr. at 13). She has a tenth grade education. (Id.). Her past work experience includes employment as a warehouse checker, hand packager, marble polisher, peeler, and clean-up worker. (Id.).

## ALJ's FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines whether the claimant is engaged in a "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in a substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R.

Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine whether the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 13). At step two, the ALJ found that Plaintiff has fibromyalgia and depression, impairments that are considered "severe" within the Act. (Tr. at 15). However, the ALJ concluded that Plaintiff's medically determinable impairments did not meet or medically equal, either singly or in combination, a listed impairment. (Id.). At the next step, the ALJ found that Plaintiff retained the residual functional capacity to perform light work with a sit/stand option in that she need not sit or stand for more than one hour at a time. (Tr. at 16). Finally, ALJ Davis concluded that, based on Plaintiff's residual functional capacity, age, education, and past relevant work experience, there are a significant number of jobs existing in the national economy that she can perform. (Tr. at 17). Accordingly, ALJ Davis determined that Plaintiff was not disabled within the meaning of the Act. (Id.).

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends that the ALJ erred in finding that her subjective complaints of pain from fibromyalgia were not credible. Plaintiff asserts that there is no medical evidence to support the ALJ's discrediting of her testimony. Plaintiff asserts that

instead, her testimony is supported by the opinions of her treating physicians, and that the ALJ should have ordered a consultative examination to confirm as much.

In order to establish a disability based on subjective testimony of pain and other symptoms, a claimant must satisfy the "pain standard," which requires:

> (1) evidence of an underlying medical condition and either
>
> (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Wilson v. Barnhart, 284 F.3d 1219 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). After considering a claimant's subjective testimony, the ALJ may reject his complaints as not creditable, and that determination will be reviewed for substantial evidence. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (citation omitted). If the ALJ does discredit the claimant's testimony, he must articulate "explicit and adequate reasons for this decision." Williams v. Barnhart, 140 Fed. Appx. 932, 935 (11th Cir. 2005) (citation omitted). Failure to articulate the reasons for discrediting a claimant's testimony means that the testimony must be accepted as true as a matter of law. Id.

In the instant case, ALJ Davis stated that he "considered the claimant's own subjective allegations and has found them not fully credible." (Tr. at 15). The ALJ properly rejected Plaintiff's subjective testimony about her symptoms because substantial evidence existed in the record to determine that Plaintiff's claims were not credible to the extent she alleged. The ALJ noted Plaintiff's allegation that she "hurts constantly all over her body," but found her activities of daily living to be inconsistent with that claim. (Id.). Specifically, the ALJ noted that evidence indicated that Plaintiff

washed her hair two or three times a week, made her bed once or twice a month, swept, vacuumed, and mopped two or three times per week, washed clothes monthly or weekly, shopped for groceries monthly, paid bills monthly, and took out the trash. (Id.).

Plaintiff appears to contend that the ALJ should have found support for her subjective complaints in the opinions of her treating physicians that she suffered from fibromyalgia. The ALJ agreed that the medical evidence indicates that Plaintiff has fibromyalgia, but disagreed with her contention that it produces disabling pain. In making that determination, ALJ Davis found that Plaintiff's complaints were belied by the medical evidence, specifically by the objective physical testing, some of which was performed by her own treating physicians. Plaintiff's cervical spine x-rays were negative in August 2003. The ALJ noted that Dr. Arnett's cervical spine MRI in March 2004 was within normal limits. In February 2004, bilateral nerve conduction studies ordered by Dr. Arnett were normal. A March 2004 musculoskeletal examination by Dr. Tidmore revealed no synovitis over the MCPs, wrists, or elbows, and good range of motion. A July 2004 exam by Tidmore revealed good motor strength and normal reflexes despite trigger point tenderness. (Tr. at 16). Clearly, ALJ Davis systematically articulated "explicit and adequate reasons" for discrediting Plaintiff's allegations of completely disabling symptoms. See Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).

The ALJ has a duty to develop the record fully and fairly, Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997), and is required to order a consultative examination where necessary to make an informed decision. Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984). However, an ALJ is not required to order such an independent evaluation where the record is sufficient in and of itself and additional expert testimony

AO 72A
(Rev. 8/82)

is unnecessary. Wind v. Barnhart, 133 Fed. Appx. 684, 693 (11th Cir. 2005). Plaintiff appears to contend that the ALJ should have ordered a consultative evaluation to test the veracity of her subjective allegation of pain. However, as discussed, the ALJ noted numerous objective physical tests and activities of daily living which belied Plaintiff's allegations of disabling pain. Plaintiff fails to show why an independent evaluation was necessary to fully develop the record with regard to Plaintiff's alleged pain. In sum, the ALJ did not err in failing to order an additional evaluation, or in ultimately discrediting Plaintiff's subjective complaints of disabling pain.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 24th day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE